Williams, J.
The original action was brought’ under section 2859 of the Revised Statutes, which provides that: “When any personal taxes, heretofore or hereafter levied, shall stand charged against any person, and the same shall not be paid within the time prescribed bylaw, for the payment of such taxes, the treasurer of such county, in addition to any other remedy provided by law for the collection of such personal taxes, is hereby authorized and empowered to enforce the collection by civil action in the name of the treasurer of such county against such person for the recovery of such unpaid taxes; * * * and the judgment debtor shall not be entitled to the benefit of the laws for the stay of execution or exemption of homestead, or any other property, from levy or sale on execution in the enforcement of- any such judgment.”
That the cause of action accrued more than six years before the commencement of the suit, is satisfactorily established by the tax duplicate, which was the only evidence introduced on the trial; and it is the contention of the plaintiffs in error, that the action was founded on a liability created by statute, and therefore bar red .under section 4891, of the Revised Statutes, which limits the time for the commencement of actions so arising, to six years after the cause of action accrues. On the other hand, it is claimed the action was not barred, because it was one prosecuted in behalf of the state, to enforce an obligation due to the state, against which the statute does not *414 run. We find nothing’ in the statute creating the right of action in such cases, that fixes any limit of time within which the action majr be brought, or from which it may be fairly inferred any limitation was intended. On the contrary, some of its provisions, and others of our tax laws, afford strong grounds for presuming’ a different legislative intention. The remedy for enforcing the collection of personal taxes by distraint, is not limited in point of time, but may be employed at all times until the taxes are paid. By section 2838, for all taxes charged against real property, the state is given a lien upon it which continues until the taxes with any penalty thereon shall be paid; and by section 1104, the additional remedy for the enforcement of the lien by civil action is provided in language similar to that of section 2859. These remedies by suit are declared to be, in both classes of cases, in addition to all other remedies for the collection of taxes, and were evidently created because it was expected they would' prove more effectual in the enforcement of their collection; and,' it is but a natural and reasonable presumption that the additional remedies were designed to be, not less comprehensive than those in the aid of which they were adopted, and like them unaffected by the lapse of time. The obligation of the citizen to pay his taxes is regarded as a continuing public duty which is discharged only by their payment.
It is not claimed that our statute of limitations is, in terms, made applicable to the state; and the rule is universal that, in the absence of such provision, statutes of limitation do not run against the state, for the reason that laches cannot be imputed to it, and its rights cannot be prejudiced by the neglect of its officers. The proper application of *415 the rule, in an action, is controlled however, by the nature of the rights involved, and the real parties in interest, rather than by the form of the action and names of the parties as they appear on the record. When the action, though brought in the name of the state, is prosecuted for the enforcement of some private or individual right, and the state has no substantial interest in the litigation, the plea of the statute may be interposed. On the other hand, if the state is the real party in interest, the plea of the statute is not available though the action be not prosecuted in its name*; and actions under section 2859, of the Revised Statutes, for the recovery of personal taxes are, we think, of that character, and not subject to the bar of the statute, notwithstanding they are required to be brought in the name of the county treasurer. Revenues are essential to the maintenance of the state and the execution of its governmental functions. Taxation is a recognized constitutional and lawful means of raising such revenues for most, if not all public needs; and the courts will take notice that general taxes levied by the state directly, or through local agencies to which it has delegated that power, constitute a source of revenue for use in the due performance of the functions of the state government. Whether voluntarily paid, or collected by suit, they go partly to the general funds of the state for its disbursement in the administration of public affairs, and are in part disbursed in the due course of local administration by officers exercising the delegated powers of the state, deemed necessary and proper for that purpose. In the latter case, as well as the former, the fund belongs to the state’s revenues, and the disbursement is for the public *416 benefit, although local advantages may also result. Through county, township, municipal, and other organizations, they are paid out in the administration of public justice, the maintenance of the public order and security, the suppor tof the public schools, and other purposes of a public nature pertaining to the state government. Hence, for all such taxes levied on real property the lien thereon provided by statute is declared to be in favor of the state; and while it was probably deemed impracticable to create a lien on personal property for the taxes laid against it, the fund derived from them is expended in common with that arising from real estate taxes, and for the same purposes.
Local assessments, those made on abutting or contiguous property for local improvements according to special benefits resulting from such improvement, may stand on a different footing. While thesé are improvements of a public nature, the assessment goes to the contractor who furnishes the labor and material for their construction. The assessments may be assigned directly to the contractor, in which case their collection may be enforced by suit for his use. Provision is also made for placing them on the tax duplicate, and for their collection by the county treasurer. But in whichever mode their collection is sought, the remedy is in fact for the benefit of the contractor, and the interest of the state in them is nominal and remote. Upon this ground Hartman v. Hunter, 56 Ohio St., 175 is distinguished.

Judgment affi/rmed.